JOHN J. O'BRIEN, Respondent, v. THE CITY OF NEW YORK, Defendant, and THE BARBER ASPHALT PAVING COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Mills, Rich, Putnam, Blackmar and Jaycox, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSIAH FELTER, Appellant.— Judgment of conviction affirmed. No opinion. Thomas, Mills, Putnam, Kelly and Jaycox, JJ., concurred.

JOHN SANSAVERINO, an Infant, etc., Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.— Judgment reversed without considering the question of the weight of the evidence, and a new trial granted, costs to abide the event, because of the improper admission in evidence of the ordinance relating to the speed of certain vehicles.* The error was not cured by the denial of plaintiff's request to charge, and the answer to his suggestion that the jury could not have been influenced by this improper evidence is that the purpose of counsel in introducing it could have been only to influence the jury upon the vital question involved, and we cannot say that it did not. Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ., concurred.

JACOB SINGER, as Administrator, etc., of BENJAMIN L. SINGER, Deceased, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Judgment reversed and new trial granted, costs to abide the event, upon the ground that the verdict is contrary to the weight of the evidence. Jenks, P. J., Thomas, Rich and Jaycox, JJ., concurred; Blackmar, J., voted to affirm.

HARRY G. STEPHENS, Respondent, v. FRANK BRADLEY, Appellant.— Judgment and order of the County Court of Suffolk county, affirming a judgment of a justice of the peace, affirmed, with costs. No opinion. Thomas, Rich and Jaycox, JJ., concurred; Jenks, P. J., and Blackmar, J., dissented.

VILLAGE OF HEMPSTEAD, Respondent, v. PHILIP MAIER, Appellant.— Judgment of the County Court of Nassau county and of the Justice's Court reversed upon reargument, with costs, and complaint dismissed, with costs, upon the ground that the evidence taken by the justice did not show a cause of action in the plaintiff, and the justice did not have power to enter judgment without taking evidence sustaining the allegations of the complaint, inasmuch as the action was to recover a penalty, and section 2891 of the Code of Civil Procedure does not apply. This court has no power to reverse the judgment and grant a new trial. Thomas, Mills, Putnam, Kelly and Jaycox, JJ., concurred.

* See N. Y. Code Ord., chap. 24, § 17, subd. 1.— [REP.